J-S20034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD NOTTINGHAM | : | |
| | : | |
| Appellant | : | No. 1699 MDA 2023 |

Appeal from the PCRA Order Entered November 29, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001190-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EDWARD NOTTINGHAM | : | |
| | : | |
| Appellant | : | No. 1700 MDA 2023 |

Appeal from the PCRA Order Entered November 29, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001870-2017

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:　　　**FILED: JULY 24, 2025**

Appellant, James Edward Nottingham, appeals from the post-conviction court's November 29, 2023 order denying, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that he meets the governmental-interference and newly-discovered-fact exceptions to the PCRA's one-year time-bar, which we discuss *infra*. Additionally, Appellant's counsel, Krista L. Deats, Esq., has filed a

***Turner/Finley***[1] 'no-merit' letter and a petition to withdraw from representing Appellant, to which Appellant has filed multiple, *pro se* responses. After careful review, we grant counsel's petition to withdraw, deny Appellant's various *pro se* petitions, and affirm the order denying Appellant PCRA relief.

The facts underlying Appellant's two cases are not germane to our disposition of his instant appeals. The PCRA court summarized the procedural history of Appellant's case docketed at CP-41-CR-0001190-2015 (hereinafter, "case 1190-2015"), as follows:

> [Appellant] was charged [in case 1190-2015] with aggravated assault — attempt or cause serious bodily injury, aggravated assault — attempting or causing bodily injury with a deadly weapon, unlawful restraint, endangering the welfare of children (EWOC), terroristic threats, possession of [an] instrument of crime, simple assault, recklessly endangering another person (REAP), summary harassment, and person not to possess a firearm. The person [not] to possess [a] firearm charge was severed for trial from the remaining charges. On November 1, 2016, a jury found [Appellant] guilty of person not to possess a[] firearm. On [January] 10, 2017, the court sentenced [Appellant] to five to ten years' incarceration in a state correctional institution [for that offense].
>
> On or about June 29, 2017, the Commonwealth withdrew the aggravated assault charges[,] and a jury found [Appellant] guilty of unlawful restraint, EWOC, terroristic threats, possession of [an] instrument of crime, simple assault[,] and REAP. The court found him guilty of summary harassment. On July 11, 2017, the court sentenced [Appellant] to an aggregate sentence of three to six years' incarceration to be served consecutive to … [his] sentence for person not to possess a firearm. [Appellant] filed a post[-]sentence motion, including a request to modify his sentence. The

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

court denied his post[-]sentence motion, and [Appellant] filed a timely appeal. The Pennsylvania Superior Court affirmed [Appellant's] judgment of sentence in a memorandum decision issued on June 11, 2018, and granted counsel's motion to withdraw. [*See Commonwealth v. Nottingham*, 193 A.3d 1064 (Pa. Super. 2018) (unpublished memorandum). Appellant] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Pa.R.Crim.P. 907 Notice Case 1190-2015, 9/13/23, at 1-2.

In Appellant's case docketed at CP-41-CR-0001870-2017 (hereinafter, "case 1870-2017"), Appellant "was charged with perjury[, 18 Pa.C.S. § 4902(a),] as a result of making conflicting statements regarding his possession of a [firearm] in the trial on or about November 1, 2016[,] for his severed person[] not to possess a firearm offenses and [at] the trial on or about June 29, 2017[,] for unlawful restraint, [EWOC], terroristic threats, possession [of] an instrument of crime, simple assault[,] and [REAP] in [case] 1190-2015." Pa.R.Crim.P. 907 Notice Case 1870-2017, 9/13/23, at 1. A jury convicted Appellant of perjury on June 8, 2018. On June 26, 2018, he was sentenced to 12 to 60 months' incarceration, to be served consecutively to his sentence in case 1190-2015. Appellant filed a direct appeal, and on March 24, 2020, this Court affirmed his judgment of sentence. *See Commonwealth v. Nottingham*, 229 A.3d 366 (Pa. Super. 2020) (unpublished memorandum). Appellant did not file a petition for permission to appeal to our Supreme Court.

Then,

[o]n or about April 7, 2022, [Appellant] filed a … []PCRA[] petition [in both cases]. As this was [Appellant's] first PCRA petition, the

court appointed counsel and directed PCRA counsel to file either an amended PCRA petition or a **Turner/Finley** no-merit letter. PCRA counsel had difficulty communicating with [Appellant]. He tried to arrange telephone calls with [Appellant] but was not successful. PCRA counsel's relationship with [Appellant] deteriorated and, on or about January 26, 2023, the court appointed new counsel to represent [Appellant]. New counsel filed an amended PCRA petition on [Appellant's] behalf on March 29, 2023.[2]

> [2] Since that time, [Appellant] has attempted to file additional[, *pro se*] PCRA petitions without obtaining leave of court to do so[,] and without obtaining the signature of his attorney on his filings.

Pa.R.Crim.P. 907 Notice Case 1190-2015 at 2.

On September 13, 2023, the PCRA court issued Rule 907 notices in each case, indicating its intent to dismiss Appellant's petition without a hearing, on the basis that it was untimely. **See id.** at 6. Appellant filed a *pro se* response to the Court's Rule 907 notices, but on November 29, 2023, the court issued an order in each case, dismissing Appellant's petition as untimely.

Appellant filed timely notices of appeal in each case. He and the court thereafter complied with Pa.R.A.P. 1925, with the court's relying on the rationale set forth in its Rule 907 notices to constitute its Rule 1925(a) opinion. **See** Opinion, 3/1/24, at 1. On March 25, 2024, this Court consolidated Appellant's appeals *sua sponte*.

On April 3, 2024, Appellant's counsel at the time, Brian W. Ulmer, Esq., filed an application to withdraw, claiming that the professional relationship between him and Appellant had deteriorated and was beyond repair, as evidenced by Appellant's filing numerous pleadings *pro se*. This Court remanded to the PCRA court to determine if Appellant should be appointed

- 4 -

new counsel. On September 9, 2024, the court issued an order stating that, after conducting a hearing, it had determined that new counsel should be appointed for Appellant. That same day, the court appointed Attorney Deats to represent Appellant herein.

On January 31, 2025, Attorney Deats filed with this Court an application to withdraw from representing Appellant, along with a **Turner/Finley** no-merit letter. Appellant thereafter filed numerous, *pro se* petitions with this Court, which we address *infra*.

Before doing so, however, we must begin by determining if Attorney Deats has satisfied the requirements for withdrawal.

> Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner**, **supra** and **Finley**, **supra** and] … must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> ***
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Upon review of the "no-merit letter" filed by Attorney Deats in these consolidated appeals, it appears that counsel has complied with the procedural requirements of *Turner/Finley*. In addition to the no-merit brief, counsel filed a petition for leave to withdraw as counsel and sent Appellant a letter informing him of his rights, pursuant to *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006). The petition and letter are attached to the brief. Moreover, while Attorney Deats did not provide separate certificates of service demonstrating service on Appellant, counsel states in the petition to withdraw that the petition, brief, and letter were being sent to Appellant, and the letter to Appellant references the petition and brief as having been enclosed. Accordingly, we conclude that Attorney Deats has satisfied the technical requirements for withdrawal, and we will now conduct our own review of the issues Appellant seeks to raise on appeal to determine if they are meritless.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-

conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence in case 1190-2015 became final on July 11, 2018, at the expiration of the thirty-day time-period for seeking review with the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a)

- 7 -

(directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Appellant's judgment of sentence became final in case 1870-2017 on April 24, 2020, as he also did not seek review with our Supreme Court in that case. Thus, Appellant had until July 11, 2019, and April 24, 2021, to file timely PCRA petitions in each case. As his instant petition was not filed until April 7, 2022, it is untimely in both of his two cases. Consequently, for this Court to have jurisdiction to review the merits of his claims, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Attorney Deats concludes that Appellant cannot overcome this burden. First, she discusses the claims that Appellant seeks to raise in case 1190-2015. Attorney Deats explains that in that case,

> Appellant alleges he meets the timeliness exception based on governmental interference and the newly[-]discovered[-]facts exception. He asserts that on July 17, 2015[,] Officer Blake Brown failed to appear for the preliminary hearing [in case 1190-2015,] and the charges were dismissed by [Magisterial District Judge (MDJ)] Kemp. The charges were then reinstated by MDJ Solomon, a neighboring MDJ, and Appellant was never rearrested or arrested for any of the charges after the dismissal on July 17, 2015. Furthermore, he argues he never received notice of any court proceeding or had any pretrial[ hearings,] which violated service of process and the courts were without jurisdiction to enter judgment.

*Turner/Finley* No-Merit Letter at 18-19.

Attorney Deats concludes that "[t]hese assertions are not supported by the record and do not establish an exception to the one-year time limit for

filing a PCRA [petition]." ***Id.*** at 19. The PCRA court reached the same decision, concluding that Appellant's assertions are "not supported by the record[,]" and he also "would have known about these alleged facts back in 2015 and could have raised any issues regarding his arrest and the court's jurisdiction in pretrial motions." Pa.R.Crim.P. 907 Notice Case 1190-2015 at 4.

We agree with Attorney Deats and the court that Appellant cannot prove that he raised this claim within one year of discovering it, as required by section 9545(b)(2). Clearly, Appellant knew about the facts regarding his arrest and pretrial proceedings (or alleged lack thereof) in 2015 when they occurred. Thus, he could have raised them before trial, during trial, on direct appeal, or in a timely-filed PCRA, and he clearly cannot satisfy the one-year requirement of section 9545(b)(2).[2]

Next, Attorney Deats explains that "Appellant also contends that he meets the newly[-]discovered[-]facts exception as a result of a Right To Know Law (RTKL) request." ***Turner/Finley*** No-Merit Letter at 20. According to counsel, Appellant alleges that on July 9, 2020, he

> discovered [that] no 911 call existed from the incident. According to Appellant, no Pennsylvania State Troopers were dispatched and exculpatory evidence was destroyed. He continues to contend that no evidence exists in this case and that the case was the act

---

[2] We also note that because Appellant's claim arose in 2015, when a prior version of section 9545(b)(2) was still in effect, he would have actually been required to file his petition within 60 days of the date the claim could have been presented.

- 9 -

of fraud and bad faith which caused him prejudice and harm and injury.

*Id.*

Again, Appellant cannot prove that he satisfied the requirement of section 9545(b)(2). As Attorney Deats observes, "[i]f Appellant discovered on July 9, 2020[,] that no 911 call existed, as alleged in his PCRA petition, he would have had to file his PCRA petition on or before July 9, 2021. He did not file his petition until April 7, 2022; therefore, his PCRA petition is untimely." *Id.* We agree.

In Appellant's final claim regarding case 1190-2015, he seeks to argue "that the statute of limitations was violated in his prosecution." *Id.* at 21. First, Attorney Deats explains that,

> [i]n looking through the record of this case and speaking with Appellant, there is nothing reflected that suggests an issue [with] regard[] to the statute of limitations. The Docket Transcript suggests that there were several continuances and several different attorneys/withdrawals involved throughout the life of Appellant's cases. This time would have been excluded from the statute of limitations calculations. If Appellant believed at any[]time that his case should have been dismissed based on a violation of the statute of limitations, it would have been known to him and needed to be filed within a timely PCRA petition.

*Id.* Counsel is correct that Appellant would have known about, or could have discovered in the exercise of due diligence, any statute-of-limitations issue at the outset of his case. Thus, his failure to raise any such claim prior to trial, during trial, on direct appeal, in a timely-filed PCRA petition, or within one year of discovering it means that the PCRA court, and this Court, lack jurisdiction to review it in the instant, untimely-filed petition.

In regard to case 1870-2017, Attorney Deats explains that Appellant wishes to present "all the same arguments as in the prior case, as this perjury case was a result of testimony taken in the trials at 1190-2015." *Id.* at 23. These claims do not meet any timeliness exception in case 1870-2017 for the same reasons that they fail to meet an exception in case 1190-2015.

Additionally, Appellant wishes to argue that "counsel was ineffective for not raising objections to the blood evidence or the substantial defects in his case." *Id.* We agree with Attorney Deats that "[t]hese allegations do not save Appellant's petition from the untimeliness issue." *Id.* at 24; *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted). Moreover, even if ineffectiveness claims could meet a timeliness exception, Attorney Deats observes that Appellant would have known of his counsel's alleged ineffectiveness

> in 2015 and could have raised any issues regarding his arrest and the court's jurisdiction in pretrial motions. If counsel failed or refused to file such motions, or motions in regard[] to the blood evidence, [Appellant] could have raised a claim of ineffective assistance of counsel in a PCRA petition filed on or before April 23, 2021.

*Turner/Finley* No-Merit Letter at 24. We agree.

In sum, none of the claims that Appellant seeks to raise herein satisfies a timeliness exception or the dictates of section 9545(b)(2). Thus, Attorney Deats is correct that Appellant's issues are untimely and unreviewable.

- 11 -

We have also reviewed multiple applications for relief and petitions that Appellant filed *pro se* after Attorney Deats filed her petition to withdraw and no-merit letter. For instance, on February 3, 2025, Appellant filed a petition entitled, "Post-Conviction DNA Testing." Appellant's arguments in that petition are incomprehensible, and it is not clear what DNA evidence he seeks to have tested. On February 12, 2025, Appellant filed a *pro se* "Notice to Plead," in which he purports to raise 'preliminary objections' and claims of error pertaining to his convictions, as well as other incomprehensible arguments. On April 14, 2025, Appellant filed a *pro se* "Motion to Suppress," seeming to argue that the evidence was insufficient to support his conviction for person not to possess a firearm. Again, however, his argument is nearly incomprehensible.

Also on April 14, 2025, Appellant filed a *pro se* document entitled, "Petitioner Preliminary Objections," challenging the trial court's jurisdiction and alleging a violation of Pa.R.Crim.P. 600. Several days later, on April 23, 2025, Appellant filed a *pro se* "Supplemental Record" in which he seemingly seeks to raise various ineffective assistance of counsel claims. Then, on June 23, 2025, Appellant filed a *pro se* "Motion to Strike Illegal Sentences," claiming that he was sentenced for an offense for which he was never charged or convicted, namely, "count-10, persons not to possess…." Motion, 6/23/25, at 1 (unnumbered). Finally, on July 3, 2025, Appellant filed an "Emergency Petition," again raising various, nearly incomprehensible claims that appear to

be reiterations of issues set forth in his previous *pro se* motions, and/or arguments addressed by Attorney Deats in her petition to withdraw.

Notably, Appellant does not make any developed or coherent argument in these motions that could satisfy a timeliness exception. He also does not clearly present any challenges to Attorney Deats' conclusion that the issues he seeks to raise herein fail to satisfy any timeliness exception. Instead, Appellant seemingly reiterates many of the same claims that Attorney Deats discusses, such as challenges to the trial court's jurisdiction and ineffective-assistance-of-counsel claims, without any explanation for why he could not have raised those issues earlier than in the instant, untimely petition. Because Appellant's petitions are either incomprehensible, reiterate untimely claims that Attorney Deats correctly concludes do not meet any timeliness exception, or attempt to assert new claims with no explanation for how they satisfy a timeliness exception, we deny each of his outstanding, *pro se* petitions. We also grant counsel's petition to withdraw, and affirm the order denying Appellant's PCRA petition as untimely.

Order affirmed. Petition to withdraw granted. All other *pro se* motions denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/24/2025